Fred L. Tripp
vs. } No. 3685
Manuel Silveria
November 24, 1926

WALSH, J. This case was a suit by the plaintiff to recover a balance of $822.27 which he claimed was due him from the defendant for the renovation of a certain motor boat, which was intended by the defendant for use in his business of lobster fishing.

The plaintiff claimed that the work was done as day work and there was a bill of particulars setting forth the items in full, constituting the amount of his claim.

The defendant claimed that there was an express contract for this work, in which the price was agreed upon to be $350.00, and that there was a further understanding and agreement that the boat would be completed and ready for service in the lobster business when the season opened on May 1, 1925.

The case was tried by a most intelligent jury, in a thorough manner by counsel, and every important fact was brought out clearly. There were two special findings returned by the jury, one of which was to the effect that there was an express contract that this boat should be renovated and repaired for the sum of $350.00. The other one was that there was an understanding and agreement that this boat should be ready for service on May 1, 1925.

The verdict of the jury was in the sum of $327.25 and the defendant now moves for a new trial on the usual grounds, plus a further ground that in view of the inconsistency apparent between the general verdict and the special findings it is the duty of the court either to reduce the amount of the verdict to such a sum as will harmonize the special findings or to grant a new trial on the ground that the special findings override the general verdict.

While we feel that there may be some merit in the contention by the defendant that a special finding, when carefully considered by a jury, should be given great weight, we feel that in this particular case the jury apparently did not give careful consideration in rendering their special findings. In the face of the verdict it is quite apparent that the jury considered the full amount claimed by the plaintiff, to wit, $822.27, and allowed to the defendant by the way of recoupment for his loss of use of the boat because of the failure to deliver it on time the sum of $500.00. If we add to this the interest we arrive at a sum substantially in accordance with the finding of the jury.

In this case, while appreciating that there may be some merit in the defendant's contention as to the weight to be given to the special finding, we feel that where substantial justice has been done between the parties, in our opinion, it is our duty to disregard technicalities and other figments of the law to the end that substantial justice may be done between the parties. And because we do feel that this verdict renders substantial justice the motion of the defendant for new trial is denied and his exception thereto is noted.

For plaintiff: Benjamin W. Grim.

For defendant: Edw. De V. O'Connor.